UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 7:07-cr-0034-GFVT-EBA-7 |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| WOODY HAMILTON, ) | **&** |
| ) | **ORDER** |
| ) | |
| Defendant. | |

*** *** *** ***

This matter is before the Court on Defendant Woody Hamilton's violation of supervised release. [*See* R. 862.] Magistrate Judge Edward B. Atkins issued a Recommended Disposition pursuant to Defendant's violation. [R. 870.] Judge Atkins recommended revoking Mr. Hamilton's supervised release and imposing a term of imprisonment of twenty-one months followed by any unexpired term of supervised release.

Under Federal Rule of Criminal Procedure 59(b), a party has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. *See also* 28 U.S.C. § 636(b)(1). In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the report and recommendation, however, is not permitted since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Although Defendant Woody Hamilton, through counsel, waived his right to allocution [R. 869], he nonetheless filed timely objections to Judge Atkins's Recommended Disposition. [R. 871.] Mr. Hamilton objects to the Magistrate Judge placing "too much reliance on Hamilton's preexisting criminal history." *Id.* at 1. He believes that Judge Atkins gave him a more significant sentence based on his criminal history category. *Id.* Mr. Hamilton did not request, and the Court did not hold, an allocution hearing. The objections raised by Mr. Hamilton are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law, and statutory authority, as well as applicable procedural rules. For the reasons that follow, Mr. Hamilton's objections will be **OVERRULED.**

# I

Judge Atkins's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of this case. Below, the Court mentions the key facts to frame its discussion and analysis, but chooses to incorporate Judge Atkins's discussion of the record into this Order.

The Court entered judgment against Woody Hamilton on December 11, 2008, for conspiring to distribute Schedule II controlled substances and conspiring to commit money laundering. [R. 530.] Mr. Hamilton received a sentence of 147 months in the custody of the Bureau of Prisons for each count, to run concurrently to each other, for a total sentence of 147

months,[1] followed by three years of supervised release. *Id*. at 2–3. Pursuant to 18 U.S.C. § 3582(c)(2), on October 28, 2015, this Court granted a motion by Mr. Hamilton to reduce his sentence from 147 months to 121 months. [R. 833.] He began his term of supervised release on September 22, 2017. [R. 870 at 4.] On two separate occasions, one prior to February 12, 2018, and again prior to March 5, 2018, the United States Probation Office retrieved sweat patches that had been placed on Mr. Hamilton. *Id*. Each of these patches tested positive for controlled substances, and he admitted to use and possession of controlled substances on two occasions. *Id*.

The report from the United States Probation Office charged him with four violations of his supervised release. Violation 1, a Grade C violation, relates to his use of controlled substances prior to February 12, 2018, in violation of Standard Condition 7, which requires him to refrain from excessive use of alcohol and purchasing, possessing, using, distributing, or administering a controlled substance without a prescription. *Id*. at 2. In accordance with Sixth Circuit precedent, Violation 2, a Grade B violation, charged Mr. Hamilton with the violation of committing another federal, state, or local crime—possession of an illegal substance—based on his positive drug screen. *Id*.; *see also United States v. Crace*, 207 F.3d 833, 837 (6th Cir. 2000). Because of his second use of controlled substances prior to March 5, 2018, the report charged him with Violation 3, again for his use of controlled substances, and Violation 4, committing another federal, state, or local crime. [R. 370 at 2.] Mr. Hamilton's criminal history category is VI. *Id*. at 4. Based on his criminal history category and his Grade B[2] violation, his Guideline

---

[1] The Court's judgment indicates that, based on U.S.S.G. § 5G1.3(b), note #2(D), a total sentence of 188 months was appropriate. [R. 530 at 2.] However, because Mr. Hamilton had served approximately 41 months for a separate matter in state court, the Court reduced the final judgment by 41 months, to run concurrent with the undischarged custodial term in Floyd County Circuit Court. *Id*.

[2] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

range for this violation is twenty-one to twenty-four months.  *Id*. at 6; U.S.S.G. § 7B1.4(a).

## II

Judge Atkins held a revocation hearing on March 13, 2018, where Mr. Hamilton admitted to all violations in the report. [R. 870 at 1.]  In the presence of counsel and after being advised of all applicable rights, he entered a guilty plea to Violations 1, 2, 3, and 4.  *Id*.  The United States requested revocation of his supervised release and some period of additional incarceration.  *Id*. at 5.  Mr. Hamilton requested the Court consider additional drug treatment.  *Id*.  Subsequently, Judge Atkins prepared a Report and Recommendation which evaluates the relevant 18 U.S.C. § 3553 factors.

After consideration of the nature and circumstances of Mr. Hamilton's conviction, as well as his history and characteristics, Judge Atkins recommended a sentence at the bottom of the Guideline range. [R. 870 at 6.]  This is Mr. Hamilton's first violation.  However, as Judge Atkins noted, his violations note that he continued to use controlled substances even after the first sweat patch was retrieved by the United States Probation Office.  *Id*. at 5.  This behavior, along with Mr. Hamilton's lengthy history of drug-related offenses, supports Judge Atkins's within-Guideline sentence on this violation.

Mr. Hamilton does not object to the calculation of his criminal history, nor does he claim Judge Atkins inaccurately calculated the Guideline range. [R. 871.]  Instead, he merely argues that the recommended twenty-one months is "unduly harsh" for his first release violation.  While his argument is noted, Mr. Hamilton provides no legal authority to depart below the applicable Guideline range, and the Court finds no reason to do so.  Thus, the Court finds Judge Atkins's considerations and recommendations to be both procedurally and substantively reasonable.  Also, the Magistrate's recommended sentence is sufficient but not greater than necessary to

address the statutory factors as defined in 18 U.S.C. §§ 3553(a) and 3583(e). Therefore, the Court overrules Mr. Hamilton's objection.

## III

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED:**

1. Defendant Woody Hamilton's Objections **[R. 871]** to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation **[R. 870]** is **ADOPTED** as and for the opinion of the Court;

3. Defendant Woody Hamilton is found **GUILTY** of Violation #1, Violation #2, Violation #3, and Violation #4, as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

4. Mr. Hamilton's supervised release is **REVOKED**;

5. Mr. Hamilton is hereby sentenced to the Custody of the Bureau of Prisons of a term of imprisonment of **twenty-one (21) months**;

6. Upon completion of this term of incarceration, Mr. Hamilton shall resume any unexpired term of supervised release under the same conditions originally imposed; and

7. Judgment shall enter promptly.

This the 12th day of April, 2018.

Gregory F. Van Tatenhove
United States District Judge